IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 21-cv-02552-GPG-STV

MARRI WOLFARD,

    Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT,

    Defendant.

## ORDER

    Before the Court is Douglas County School District's (the District) Motion for Summary Judgment (D. 58).  The Court DENIES the motion for the following reasons.

    Marri Wolfard began teaching in the Douglas County School District in 1995 and by all accounts had a stellar career—serving in various leadership roles and even receiving a best-teacher nomination.[1]  Ms. Wolfard suffered a traumatic brain injury (TBI) in 2017.  In 2019, she returned to work but needed certain accommodations such as extra breaks, lighting changes, and some additional time and assistance to complete tasks.  Ms. Wolfard states that, after she met with and requested accommodations from her school's principal (and human resources), the District rejected most, but not all, of her requests.

    Ms. Wolfard claims to have a disability protected by the Americans with Disabilities Act (ADA), that the disability substantially limits her in major life activities, and that it impairs the

---

[1] The Court draws the operative facts as set forth in the complaint (D. 1).

1

operation of a major bodily function, to wit, her neurological system.  Ms. Wolfard also asserts that she could perform her essential job functions with reasonable accommodations and that she was successful in performing the essential functions of her job, but that the District placed her on unpaid leave.  Ms. Wolfard further states that she requested other reasonable accommodations that the District failed to implement.  In addition, Ms. Wolfard claims that the District required an illegal medical examination (claim two), discriminated against her on the basis of her disability (claim three), and retaliated against her (claim four).  The District moves for summary judgment on all claims.

Summary judgment is only warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must examine whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-52 (1986).  "[Q]uestions of intent, which involve intangible factors including witness creditability, are matters for consideration of the fact finder after a full trial." *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980).

A plaintiff in an ADA action "must (1) have a recognized impairment, (2) identify one or more appropriate life activities, and (3) show the impairment substantially limits one or more of those activities." *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2007).  The District does not dispute that Ms. Wolfard has a recognized impairment.  Ms. Wolfard must next show that she can perform her essential job functions, with or without reasonable accommodations.  *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1262 (10th Cir. 2009).

The ADA defines "reasonable accommodation" to "include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). "[T]he term 'reasonable accommodation' refers to those accommodations which presently, or in the near future, enable the employee to perform the essential functions of his job." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204–05 (10th Cir. 2018). The Court must examine whether Ms. Wolfard can currently perform those functions and, if not, whether Ms. Wolfard could with reasonable accommodations. *See Adair v. City of Muskogee*, 823 F. 3d 1297, 1307 (10th Cir. 2016).

"If a plaintiff makes a prima facie case, the burden shifts to the defendant to present evidence either (1) conclusively rebutting one or more elements of plaintiff's prima facie case or (2) establishing an affirmative defense." *Herrmann v. Salt Lake City Corp.*, 21 F.4th 666, 674 (10th Cir. 2021) (citation omitted). A plaintiff need not establish discriminatory intent to show that an action was taken "on the basis of disability . . . [b]ecause 'any failure to provide reasonable accommodations for a disability is necessarily because of disability.'" *Lincoln*, 900 F.3d at 1204. Ms. Wolfard argues that she was previously able to perform her essential job functions, that she still could with reasonable job accommodations, and that the District would not offer those accommodations. The District disputes Ms. Wolfard's ability to perform her essential job functions and whether she could with reasonable accommodations, and states that all requested accommodations were afforded. Viewing the facts in the light most favorable to Ms. Wolfard, there are genuine issues of disputed material facts that preclude summary judgment on these issues.

Turning next to Ms. Wolfard's retaliation claim, she must show "(1) that she engaged in a protected activity; (2) that she suffered a materially adverse action . . . either after or contemporaneous with her protected activity; and (3) a causal connection between the protected activity and the adverse action." *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2001). The District argues that it did not terminate Ms. Wolfard and that there is not a causal connection between her activities and her placement on unpaid leave—both due to lack of temporal proximity and intervening circumstances. There are genuine issues of disputed material fact that preclude summary judgment on this issue. The burden then shifts to the District to show a legitimate non-discriminatory reason for the action (placing Ms. Wolfard on leave) and then back to Ms. Wolfard to show the District's reasoning was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). As to each of these steps, the Court finds that there are genuine issues of disputed material fact that preclude summary judgment on each issue and that the District is not entitled to judgment as a matter of law.

Finally, as to the medical examination, no party disputes that it was required. However, the reasoning behind (i.e., whether it was pretextual) and the scope of the examination are hotly contested and an issue for the factfinder. Accordingly, genuine issues of material fact preclude summary judgment on that issue.

For the foregoing reasons, Defendant's motion for summary judgment is DENIED (D. 58).

DATED August 30, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge